

GEARHART LAW, LLC
41 River Road
Summit, NJ 07901
(908) 273-0700
www.gearhartlaw.com
Licensed in NJ, NY, MA, IL, MI and USPTO

July 17, 2020

*Via ECF*

Honorable Brian M. Cogan, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

   Re:   **Pre-Motion Conference Letter**
   **Matter: Byron Smith v. 10XBETA, LLC**
   **Case No.:  1:20-cv-02817-BMC**

Dear Judge Cogan:

This firm has recently been retained to represent Defendant 10XBETA, LLC in the above-referenced action.

10XBETA, LLC submits this Pre-Motion Conference Letter pursuant to Your Honor's Individual Rule III(A)(2) and Local Civil Rule 37.3.

Defendant 10XBETA, LLC intends to file a Rule 12(b) Motion to Dismiss in this case. There are several important issues that need to be addressed in this matter.

First, plaintiff has failed to serve the Defendant with a copy of the summons and complaint in this matter.

In the course of preparation of the subject Rule 12(b) Motion to Dismiss in this case, the CEO of 10XBETA, LLC, Mr. Marcel Botha has prepared and signed a Declaration of Marcel Botha in Support of Rule 12(b) Motion to Dismiss, in which he categorically and clearly stated that his company was never served with a copy of the complaint or summons in this matter (the said Declaration is to be submitted in support of the said Rule 12(b) Motion to Dismiss in due course, and it is not being submitted herewith because Your Honor's Individual Rule III(A)(2) limits the volume of the present pre-motion conference letter submission to not more than three (3) pages).

Despite plaintiff's assertion to this Honorable Court in Document #6 filed with this Honorable Court on June 26, 2020, alleging that the service of process on Defendant has been successfully completed, thus triggering an alleged deadline of July 17, 2020 for Defendant 10XBETA, LLC to file answer or otherwise plead, Defendant 10XBETA, LLC, has not been served with process to date.  In Document #6 Plaintiff alleges that Plaintiff's attorney's process server Teitel Service Bureau Inc., allegedly served a clerk at the Office of The Secretary of State of New York, in Albany, New York, which is located over 161 miles away from the Defendant 10XBETA, LLC's office location at 19 Morris Avenue, Brooklyn, New York 11205 – in the jurisdiction of this Court.  Section 303 of the New York Limited Liability Company Act dictates that "[t]he secretary of state shall <u>promptly</u> send one of such copies [of served papers] by certified mail, return receipt requested, to such limited liability company at the post office address on file in the department of state specified for that purpose."  Defendant's registered address with the Secretary of State of New York in Albany is the same as its physical office location - 19 Morris Avenue, Brooklyn, New York 11205.  Mr. Botha the CEO of Defendant has signed his Declaration under penalty of perjury that neither he, nor anyone at his company has ever received any mail from the Secretary of State of New York, or any one else, with a complete copy of the complaint and summons in this matter. Mr. Botha further stated in his Declaration that the only

reason he found out about the lawsuit in question was because of attorney advertisement efforts by several other lawyers who kept calling Mr. Botha's office, and sending emails and letters, offering their legal services to defend the Defendant company against the present lawsuit by Byron Smith.  Plaintiff could have simply served 10BETA, LLC pursuant to Rule 311-a of the New York Rules of Civil Procedure, by delivering a copy of summons and complaint personally to any member or manager of the Defendant limited liability company at its office address at 19 Morris Avenue, Brooklyn, New York 11205, but plaintiff did not do that to date.

Second, plaintiff has failed to obtain a certificate of copyright registration for its alleged plaintiff-owned copyrighted work prior to the filing date of this complaint. Thus, this Honorable Court lacks the subject matter jurisdiction to hear this defectively filed case without the required certificate of copyright registration, and this lawsuit must be dismissed at its inception for failure by plaintiff to obtain a required certificate of copyright registration, and then submitting a false statement in Paragraph 10 of plaintiff's Complaint in this matter that allegedly "[t]he Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-107-623" - it was not. Plaintiff may have filed an application for copyright registration with the US Copyright Office, but he did not obtain or produce a certificate of registration for the image in question, which would have been issued, if at all issued, after an examination by the US Copyright Office of the merits of the copyright application, which has not happened in this case.

In its Rule 12(b) Motion to Dismiss, Defendant 10SXBETA, LLC, shall ask for a Court's Order requiring the Plaintiff to produce a copy of a Copyright Certificate of Registration for the alleged work as allegedly owned by plaintiff Byron Smith, as required for initiation of a copyright infringement lawsuit by the US Supreme Court in Fourth Estate Public Benefit Corp. v. Wall-Street.com, 586 U.S. ___ (2019).  The relevant part of the Copyright Act, 17 U.S.C. §411(a), states that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title."  The U.S. Supreme Court in Fourth Estate Public Benefit Corp. v. Wall-Street.com, 586 U.S. ___ (2019), unanimously held that "'registration . . . has been made' within the meaning of 17 U. S. C. §411(a) not when an application for registration is filed, but when the Register [meaning, the Copyright Office] has registered a copyright after examining a properly filed application."

Plaintiff did not attach a Certificate of Copyright Registration to the complaint on June 24, 2020, i.e., the time of filing of the complaint, in contravention of the requirements by the Copyright Act and by the Supreme Court in Fourth Estate, as explained above.  Thus, this lawsuit is defective for that reason and must be dismissed based on this fatal failure to obtain a copyright registration for the work in question prior to the institution of this complaint in this Court.

Third, in his complaint plaintiff has failed to state a claim upon which relief can be granted.  As per Mr. Botha's supporting declaration for the Rule 12(b) Motion to Dismiss, Defendant 10XBETA, LLC developed the pigeon light show in Brooklyn for Creative Time in 2016 of which plaintiff writes in his complaint in this matter. 10XBETA, LLC donated their time to the pigeon light show project to the tune of several tens of thousands of US dollars. During the opening performance of the show photographer Simon Ellison took photos from the roof for Defendant 10XBETA, LLC, and he was among many photographers taking various style photographs from the same vantage point that day. 10XBETA, LLC subsequently lost most of the footage they took of the show through faulty HD, which Simon Ellison can confirm.  In 2017 all remaining available materials on Defendant's drives were consolidated and edited for use on social media.  As per Mr. Botha's declaration, Defendant looked everywhere, but could not find any proof that the original of the image allegedly owned by plaintiff Mr. Smith in question in this lawsuit may have been downloaded by Defendant from the NY Times' website, which never happened. To the contrary, Mr. Botha confirms in his declaration that the edited image that Defendant 10XBETA, LLC posted on Instagram and Facebook was taken by Simon Ellison as the photographer, who was credited as the photographer in Defendant's Instagram post, but he was not credited in the post on Facebook for some reason. The present complaint by plaintiff Smith arose from the Facebook post. The posted image on Facebook was taken by Simon Ellison, and not by plaintiff Byron Smith. Defendant does not really promote that Facebook page. Plaintiff Smith never communicated his concern to Defendant regarding the alleged issue of Smith's alleged photograph in any way, shape or form. Defendant deleted both Instagram and Facebook posts immediately after having learned of this lawsuit and claim by Smith, while they get to the bottom of this situation. The image of which plaintiff is complaining as allegedly his image is in fact Simon Ellison's image which Defendant rightfully posted on its

2

Instagram and Facebook pages. As explained above, many photographers took pictures of the same pigeon light show from the same vantage point, including Simon Ellison for 10XBETA, LLC – the company that developed the pigeon light show in the first place. In no way has Defendant committed any violation of any of Mr. Smith's rights. Mr. Smith may believe that the picture in question may have been his, because he may have taken a photo from the same vantage point as Simon Ellison did for 10XBETA, LLC, but Mr. Smith is mistaken in this case – Defendant's photo in question was taken by Simon Ellison, not by Smith.

Fourth, and the most disturbing point that the Court must address in the Rule 12(b) Motion to Dismiss in this matter that warrants addressing is the situation and recent developments with plaintiff's attorney Liebowitz – the numerous sanctions for attorney misconduct by numerous courts against him around the country. The undersigned has done research into Liebowitz and his activities as an attorney who has been filing an inordinate amount of copyright lawsuits in this and other Districts seemingly with the main purpose not of protecting legal rights of plaintiffs, but for extracting monetary settlements from defendants named in such lawsuits filed by Liebowitz, which in at least two cases in the USDC of Southern District of Illinois, and of Northern District of Illinois, were filed without plaintiff's in those cases knowledge or consent for such law suits. There are documented allegations on record by one of Liebowitz's alleged "clients" in those two lawsuits where Liebowitz filed complaints without plaintiff's consent or authorization, and where the plaintiff only learned that he was the plaintiff in those cases through sources other than his lawyer Liebowitz. A copy of that client's letter is filed with the USDC for the Southern District of Illinois, Document #23, in the matter of Craig v. PopMatters Media, Inc., 3:2018-cv-01713. Mr. Glen Craig in his July 8, 2020 letter to Judge Staci M. Yandle informed the judge that "[Liebowitz] did not tell [him] anything about this case, or another case he filed in the Northern District of Illinois, until yesterday after I demanded an explanation." Mr. Craig further writes: "[Liebowitz] never told me he was going to file either lawsuit and he did it without my knowledge and without my permission. He never told me PopMatters made offers to settle each case".

These allegations by a "client" of Mr. Liebowitz are very disturbing and make the Defendant in this case question whether or not the same situation has occurred in the present case as well, i.e., where Mr. Liebowitz may have filed this complaint without Mr. Smith's authorization or consent. Defendant in its Rule 12(b) Motion to Dismiss will be asking this Honorable Court for an Order that Plaintiff Byron Smith and Plaintiff's attorney Richard Liebowitz provide sworn declarations to the Court and Defendant under penalty of perjury that in fact an attorney-client relationship between attorney Liebowitz and alleged plaintiff in this case Byron Smith (of the correct spelling of whose name attorney Liebowitz is unsure, because in the Complaint [Dckt#1] Liebowitz lists the spelling of plaintiff's first name as Byron in the case caption and throughout the complaint, while in the signature block on last page Mr. Liebowitz stated that his firm are "Attorneys for Plaintiff Bryon Smith") does exist. Defendant shall ask the Court in its Motion to order the plaintiff and his attorney in this case to provide the original signed retainer agreement between the plaintiff and his attorney.

Fifth, the Honorable Jesse M. Furman of the USDC for the Southern District of New York on June 26, 2020, has issued an Opinion and Order in the matter, in which he has referred "Mr. Liebowitz to the Court's Grievance Committee to evaluate whether he should be allowed to continue practicing law in this District." in the matter of Usherson v. Bandshell Artist Management, 1:19-cv-06368, USDC SDNY, Document #68.

In its Rule 12 Motion to Dismiss the Defendant shall be asking this Honorable Court to suspend this lawsuit until the matter of investigation of attorney Liebowitz before the Grievance Committee of the USDC SDNY is completed. It is unconscionable to force Defendant to go through the expense of defending the present frivolous and defective lawsuit prosecuted by a plaintiff's attorney Liebowitz who may not even be allowed to practice law in the very next district to the present District.

Based on the foregoing, 10XBETA, LLC respectfully requests that this Court schedule a pre-motion conference for the purposes of filing a Rule 12(b) Motion to Dismiss the Complaint in this matter by 10XBETA, LLC, and setting the briefing filing schedule in respect of such Rule 12(b) Motion to Dismiss the Complaint.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/David Postolski*

David D. Postolski

cc: 10XBETA, LLC (via email)
      Richard Liebowitz, Esq. (via ECF)

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served by ECF at the electronic mail addresses of all of the parties involved which are registered with the ECF on July 17, 2020 to Plaintiff's counsel at the following address: Richard P. Liebowitz, Esq., 11 Sunrise Plaza, Suite 305, Valley Stream, NY 11580, Tel: (516) 233-1660, RL@LiebowitzLawFirm.com.

                                                             /s/David Postolski/
                                                            By: David D. Postolski